**SANDERS LAW, PLLC**
Melissa A. Pirillo, Esq. (024782004)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
mpirillo@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 102817

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BWP Media USA Inc. d/b/a Pacific Coast News, William Stevenson & National Photo Group, LLC, <br><br>Plaintiffs, <br><br>vs. <br><br>World Media Group, LLC, <br><br>Defendant. | Docket No: <br><br>**COMPLAINT** <br><br>JURY TRIAL DEMANDED |

BWP Media USA Inc. d/b/a Pacific Coast News ("BWP"), National Photo Group, LLC ("NPG") and William Stevenson ("Stevenson") (hereinafter collectively referred to as "*Plaintiffs*"), by and through their undersigned counsel, for their Complaint against Defendant World Media Group, LLC ("*Defendant*") state and allege as follows:

**INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiff Stevenson creates stock photography images and owns the rights to these photos which he licenses for various uses including online and print publications. BWP and NPG provide entertainment-related photojournalism goods and services and own the rights to photographs featuring celebrities which they license to online and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of their photographs, and many others are the subject of pending copyright applications.

1

2. Defendant owns and operates a website known as www.india.com (the "*Website*"). Without permission or authorization from Plaintiffs, Defendant actively copied, stored, and displayed Plaintiffs' photographs on the Website and engaged in this misconduct knowingly and in violation of United States Copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* __ U.S. __, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Defendant because World Media Group, LLC is a New Jersey Limited Liability Company and maintains its principal place of business in New Jersey.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

**I.  Plaintiffs**

7. BWP is a California Corporation and maintains its principal place of business in Los Angeles County, California.

8. NPG is a California Limited Liability Company and maintains its principal place of business in Los Angeles County, California.

9. Stevenson is an individual who is a citizen of the State of California and maintains his principal place of business in Los Angeles County, California

## II. **Defendant**

10. On information and belief, Defendant World Media Group, LLC, is a New Jersey Limited Liability Company with a principal place of business in Somerset County, New Jersey, and is liable and responsible to Plaintiffs based on the facts herein alleged.

11. The Website is a popular and lucrative enterprise that purposefully displays celebrity and news photographs, including Plaintiffs' copyrighted photographs.

12. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

13. Without permission or authorization from Plaintiffs, Defendant volitionally selected, copied, stored and displayed Plaintiffs' copyright-protected photographs (hereinafter collectively referred to as the "*Photographs*"), as set forth in Exhibit "1," which is annexed hereto and incorporated in its entirety herein, on the Website.

14. On information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiffs' copyrights (hereinafter collectively referred to as the "*Infringements*").

15. As is set forth more fully in Exhibit "1", each listed Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement.  *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

16. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiffs' original image that was directly copied and stored by Defendant on the Website.

17. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

18. On information and belief, Defendant takes an active and pervasive role in the content posted on the Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

19. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA") provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or

decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

20. None of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

21. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was unaware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements.

22. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright laws.

23. Additionally, on information and belief, Defendant, with "red flag" knowledge of the Infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*).

24. Further, Defendant had the legal right and ability to control and limit the infringing activities on its Website and had the right and ability to exercise such right but declined to do so.

25. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, Defendant's Website experienced increased traffic, which, in turn, translated to an increase Defendant's advertising revenues. *17 U.S.C. §512(c)(1)(B).*

26. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

27. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiffs' copyrighted material.

28. As a result of Defendant's misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

29. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

30. The Photographs are original, creative works in which Plaintiffs own valid copyrights, properly registered or pending registration with the United States Copyright Office.

31. Plaintiffs have not licensed Defendant the right to use the Photographs in any manner, nor have Plaintiffs assigned any of their exclusive rights in these copyrights to Defendant.

32. Without permission or authorization from Plaintiffs, and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, and publicly displayed works copyrighted by Plaintiffs, thereby violating one of Plaintiffs' exclusive rights in their copyrights.

33. Defendant's reproduction and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

34. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

35. As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

36. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

37. At all material times hereto, on information and belief, Defendant had the right and ability to supervise and/or control the infringing conduct of its employees, agents and members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

38. For example, on information and belief, Defendant had the practicable ability to police the images on the Website when its employees edited, modified and/or interacted with the Photographs, and therefore, had the right and ability to supervise and control the

5

infringing Photographs.

39. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members have continued to infringe upon Plaintiffs' Photographs, which, in turn, generates profits for Defendant directly from the use of the Infringements.

40. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising revenue resulting from increased traffic to the Website and from increase in fees paid by sponsors.

41. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing advertising revenue.

42. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

43. As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

### THIRD COUNT
*(Injunction Pursuant to 17 U.S.C. §502)*

44. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

45. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

### FOURTH COUNT
*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

46. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

47. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees and costs for

the prosecution of this action.

## JURY DEMAND

48.     Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

That the Court enter a judgment finding that Defendant has infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a.  Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement, or, in the alternative, Plaintiffs' actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

b.  A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

c.  Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

d.  Plaintiffs' costs; together with

e.  Such other relief that the Court determines is just and proper.

DATED: June 26, 2014

**SANDERS LAW, PLLC**

/s/ Melissa A. Pirillo
Melissa A. Pirillo, Esq. (024782004)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
mpirillo@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.:102817